IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BEDFORD ENTERPRISES, INC.,
a New Mexico corporation,

       Plaintiff,

vs.

ZARN, INC., a foreign corporation,

       Defendant.



C2 OCT 31  AM 11: 27

No. _____

CIV-02-1371 MV LFG

## VERIFIED COMPLAINT FOR BREACH OF CONTRACT, ON OPEN ACCOUNT, FOR OFFSET, FOR PRELIMINARY INJUNCTION, FOR MALICIOUS ABUSE OF PROCESS, FOR PRIMA FACIE TORT, AND FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Bedford Enterprises, Inc. ("Bedford"), by and through its

attorneys, Madison, Harbour, Mroz & Brennan, P.A. (Scott E. Turner), and for its Complaint for

Breach of Contract, on Open Account, for Offset, for Preliminary Injunction, for Malicious

Abuse of Process, for Prima Facie Tort, and for Declaratory Judgment (the "Complaint") states:

### GENERAL ALLEGATIONS

1. Bedford is a New Mexico corporation with its principal place of business located in

Bernalillo County, New Mexico.

2. Upon information and belief, Defendant, Zarn, Inc. ("Zarn"), is a foreign corporation.

3. The matter in controversy in this action, exclusive of interest, costs, and attorneys'

fees, is in excess of $75,000 and Bedford and Zarn are of diverse citizenship.  This Court has

jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 2201, & 2202.

4. Pursuant to 28 U.S.C. § 1391, the United States District Court for the District of New

Mexico is a proper venue for this action because: (A) Bedford and Zarn specifically consented

that the proper venue for all actions was in Bernalillo County, New Mexico in the Independent

Contractor's Agreement entered into between them; (B) the place of performance and all acts and omissions arising out of the Independent Contractor's Agreement arose in Bernalillo County, New Mexico; and (C) a portion of the injunctive and declaratory relief sought by Bedford against Zarn involves a prior judgment entered in an action captioned as *Zarn, Inc. v. Bedford Enterprises & Waste Equipment Corp.*, United States District Court for the District of New Mexico Cause No. CIV-97-00285 M/JHG (the "1997 Action").

## COUNT I

### COMPLAINT FOR BREACH OF CONTRACT

5. The preceding paragraphs are incorporated herein as though fully set forth.

6. On May 31, 2002, Bedford and Zarn entered into an Independent Contractor's Agreement wherein Zarn would supply components for use in the construction of new and repair of existing refuse containers and Bedford would assemble the new and repair the existing refuse containers pursuant to a contract between Bedford and the City of Albuquerque (the "Contract"). A copy of the Contract is attached hereto as Exhibit A and is incorporated herein by this reference.

7. Bedford has fully performed under the Contract.

8. Zarn has materially breached the Contract by failing to remit the amounts owed thereunder to Bedford.

9. As of September 30, 2001, Zarn was indebted to Bedford under the Contract in the amount of THREE HUNDRED ONE THOUSAND AND THREE HUNDRED FIFTY NINE AND 75/100 DOLLARS ($301,359.75). A copy of the invoices relating to the amounts owed to

Bedford by Zarn under the Contract are attached hereto as Exhibit B and are incorporated herein by this reference.

10.  Despite demand upon Zarn by Bedford, Zarn has failed and refused to remit the amounts due and owing to Bedford under the Contract.  A copy of the Demand Letter is attached hereto as Exhibit C and is incorporated herein by this reference.

11.  Bedford is entitled to recover pre- and post-judgment interest on all amounts owed to it by Zarn pursuant to the Contract.

12.  Bedford is entitled to recover its costs and attorney fees herein.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A.  Awarding Bedford judgment against Zarn for all amounts owed to Bedford by Zarn under the Contract;

B.  Awarding Bedford pre- and post-judgment interest on all amounts awarded to Bedford herein;

C.  Awarding Bedford its costs and attorney fees herein; and

D.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

## COUNT II

### COMPLAINT ON OPEN ACCOUNT

13.  The preceding paragraphs are incorporated herein as though fully set forth.

14.  Bedford has constructed and delivered refuse containers to the City of Albuquerque on behalf of Zarn on an open account basis.

15. Bedford has preformed repairs upon damaged refuse contained and delivered the repaired refuse containers to the City of Albuquerque on behalf of Zarn on an open account basis.

16. As of September 30, 2001, the amount owed to Bedford by Zarn on the open account was THREE HUNDRED ONE THOUSAND AND THREE HUNDRED FIFTY-NINE AND 75/100 DOLLARS ($301,359.75). *See* Exhibit B.

17. Zarn has failed and refused to make payment on its account with Bedford. *See* Exhibit C.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A. Awarding Bedford judgment against Zarn for all amounts owed to Bedford by Zarn on the open account;

B. Awarding Bedford pre- and post-judgment interest on all amounts awarded to Bedford herein;

C. Awarding Bedford its costs and attorney fees herein; and

D. Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

## COUNT III

### COMPLAINT FOR OFFSET

18. The preceding paragraphs are incorporated herein as though fully set forth.

19. On April 14, 1998, the Court entered a Stipulated Judgment in the 1997 Action fully adjudicating all claims between Bedford and Zarn arising prior to the formation of the Contract. A copy of the Stipulated Judgment is attached hereto as Exhibit D and is incorporated herein by this reference.

Page 4 of 16

20.  On February 26, 2002, Zarn caused an Affidavit of Default to be filed in the 1997 Action alleging that Bedford had defaulted in the payments that Bedford owed to Zarn under the Stipulated Judgment.  A copy of the Affidavit of Default is attached hereto as Exhibit E and is incorporated herein by this reference.

21. As of February 1, 2001, the amounts owed to Zarn by Bedford under the Stipulated Judgment were SIXTY-TWO THOUSAND EIGHT HUNDRED AND 00/100 DOLLARS ($62,800.00).

22.  Bedford offset the amounts owed to Zarn by Bedford under the Stipulated Judgment against the amounts owed to Bedford by Zarn as previously described herein.  *See* Exhibit C.

23.  Zarn refuses to recognize any offset against the Stipulated Judgment by Bedford.

24.  Bedford is entitled to offset the amounts owed to it by Zarn against the amounts that it owes to Zarn.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A.  Offsetting the amounts owed to Zarn by Bedford against the amounts owed to Bedford by Zarn;

B.  Awarding Bedford judgment against Zarn for all amounts owed remaining owed to Bedford by Zarn following the offset of the amounts that Bedford owes to Zarn against the amounts that Zarn owes Bedford; and

C.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

## COUNT IV

### COMPLAINT FOR PRELIMINARY INJUNCTION

25.  The preceding paragraphs are incorporated herein as though fully set forth.

26.  On August 5, 2002, in the 1997 Action, Zarn served, by first class U.S. mail, it First Set of Interrogatories in Aid of Execution and its First Set of Request for Production of Documents in Aid of Execution (collectively, the "Discovery Requests") upon Bedford.  A copy of the Certificate of Service is attached hereto as Exhibit F and is incorporated herein by this reference.

27.  Upon information and belief, Zarn intends to immediately pursue efforts to collect the amounts that it alleges remain due and owing under the Stipulated Judgment by execution and/or garnishment.

28.  Bedford will be irreparably harmed should Zarn pursue discovery or post-judgment collection efforts in the 1997 Action prior to the determination of the above-captioned litigation because: (A) Bedford will be required to incur the costs associated with responding to the Discovery Requests; (B) Bedford will be forced to release confidential and non-public information to Zarn; (C) Bedford will lose non-exempt assets through execution by Zarn for a debt that Bedford does not owe; (D) Bedford will lose non-exempt assets through garnishment by Zarn for a debt that Bedford does not owe; and (E) Bedford will be lose its offset rights, increasing the amounts that it will need to collect from Zarn at the conclusion of the present litigation.

29.  Bedford is entitled to the entry of a preliminary injunction in the present litigation enjoining Zarn from pursuing any post-judgment discovery or any efforts to collect the amounts

that it alleges is owed under the Stipulated Judgment pending the final resolution of the present litigation.

30. The entry of a preliminary injunction enjoining Zarn from pursuing post-judgment discovery and efforts to collect the amounts alleged owed by it under the Stipulated Judgment will cause minimal harm to Zarn because any monies owed to Zarn are accruing interest and Zarn is being adequately compensated for any delay in its collection of the amounts alleged owed under the Stipulated Judgment.

31. The failure to enter a preliminary injunction enjoining Zarn from pursuing post-judgment discovery and efforts to collect the amounts alleged owed under the Stipulated Judgment will cause significant harm to Bedford as described above.

32. The issuance of a preliminary injunction enjoining Zarn from pursuing post-judgment discovery and efforts to collect the amounts alleged owed under the Stipulated Judgment is not adverse to the public's interest.

33. A substantial likelihood exists that Bedford will prevail in proving, after all just offsets, that Zarn is indebted to Bedford rather than Bedford being indebted to Zarn.

34. A substantial likelihood exists that Bedford will prevail on the merits as to the claims stated herein.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A. Awarding Bedford a preliminary injunction against Zarn enjoining Zarn from taking any action to collect or in aid of collection of the Stipulated Judgment until final resolution of the above-captioned litigation;

B. Awarding Bedford its costs herein; and

C.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

**COUNT V**

**COMPLAINT FOR MALICIOUS ABUSE OF PROCESS**

35.  The preceding paragraphs are incorporated herein as though fully set forth.

36.  By the end of September 2001, Zarn was aware of the fact that Bedford claimed that Zarn was indebted to Bedford under the Independent Contractor's Agreement in an amount far in excess of the amounts that Zarn alleged remained owed to it by Bedford under the Stipulated Judgment. *See* Exhibit D.

37.  By February 1, 2002, Zarn was aware that Bedford intended to replace Zarn with an alternative supplier of components for refuse containers at the time that Bedford was to renew its contact to supply refuse containers with the City of Albuquerque.

38.  By February 1, 2002, Zarn was aware that the City of Albuquerque was dissatisfied with the manner in which Zarn had conducted its activities under the Independent Contractor's Agreement.

39.  By February 1, 2002, Zarn was aware that the City of Albuquerque intended to terminate the contract, for cause, under which Zarn was to provide the components for refuse containers.

40.  In an effort to coerce Bedford into obtaining components for refuse containers from Zarn in connection with future contracts with the City of Albuquerque, on February 26, 2002, Zarn caused an Affidavit of Default to be filed in the 1997 Action. *See* Exhibit E.

Page 8 of 16

41. In an effort to prevent Bedford from securing components for refuse containers from an alternative supplier in connection with future contracts with the City of Albuquerque, on February 26, 2002, Zarn caused an Affidavit of Default to be filed in the 1997 Action. *See* Exhibit E.

42. In an effort to cause significant financial harm to Bedford for the purpose of preventing it from being able to honor existing contracts for the provision of refuse containers to the City of Albuquerque, on February 26, 2002, Zarn caused an Affidavit of Default to be filed in the 1997 Action. *See* Exhibit E.

43. In an effort to cause significant financial harm to Bedford for the purpose of preventing it from being able to enter into future contracts for the provision of refuse containers to the City of Albuquerque, on February 26, 2002, Zarn caused an Affidavit of Default to be filed in the 1997 Action. *See* Exhibit E.

44. On February 27, 2002, counsel for Zarn wrote to Bedford indicating that Zarn intended to pursue the collection of the amounts that it alleged was owed to Zarn by Bedford under the Stipulated Judgment. A copy of the February 27, 2002 letter is attached hereto as Exhibit G and is incorporated herein by this reference.

45. On March 15, 2002, counsel for Bedford wrote to counsel for Zarn notifying Zarn of the offset, demanding payment of the amounts owed to Bedford by Zarn, and demanding the filing of a satisfaction of judgment in the 1997 Action by Zarn. *See* Exhibit C.

46. Zarn chose to dispute the March 15, 2002 and to demand that Bedford pay it TWO HUNDRED THREE THOUSAND NINE HUNDRED TWO AND 00/100 DOLLARS

($203,902). A copy of the March 26, 2002 letter is attached hereto as Exhibit H and is incorporated herein by this reference.

47. On April 22, 2002, counsel for Bedford wrote to counsel for Zarn and confirmed that the amounts demanded by Bedford, after all offsets, were correct, that Zarn was indebted to Bedford, and renewing its demand. A copy of the April 22, 2002 letter is attached hereto as Exhibit I and is incorporated herein by this reference.

48. Zarn continued its pursuit of the 1997 Action by mailing a copy of the Discovery Requests to counsel for Bedford on August 5, 2002. A copy of the August 5, 2002 letter is attached hereto as Exhibit J and is incorporated herein by this reference.

49. At the time that it caused the Affidavit of Default to be filed, Zarn knew that it did not have a good-faith basis for doing so.

50. At the time that it caused the Discovery Requests to be served, Zarn knew that it did not have a good-faith basis for doing so.

51. At the time that it refused to cause a satisfaction of judgment to be filed in the 1997 Action, Zarn knew that all amounts owed to it under the Stipulated Judgment had been paid, through an offset, by Bedford.

52. Zarn, in pursuing the collection of the Stipulated Judgment and refusing to file a satisfaction of judgment, did so with malice for the purpose of trying to coerce Bedford into obtaining the components for refuse containers that Bedford supplied to the City of Albuquerque from Zarn.

53. Zarn, in pursuing the collection of the Stipulated Judgment and refusing to file a satisfaction of judgment, did so with malice for the purpose of trying to prevent Bedford from

obtaining the components for refuse containers that Bedford supplied to the City of Albuquerque from alternative suppliers.

54. Zarn, in pursuing the collection of the Stipulated Judgment and refusing to file a satisfaction of judgment, did so with malice for the purpose of trying to economically harm Bedford so that it could not honor existing contracts for refuse containers with the City of Albuquerque.

55. Zarn, in pursuing the collection of the Stipulated Judgment and refusing to file a satisfaction of judgment, did so with malice for the purpose of trying to economically harm Bedford so that it could not enter into future contracts for refuse containers with the City of Albuquerque.

56. Zarn's activities, as described herein represent a misuse of process by Zarn.

57. Zarn's activities, as described herein were done with malice for the sole purpose of causing harm to Bedford.

58. Zarn's actions, as aforesaid, were wilful, wanton, and in reckless disregard for the rights of Bedford and punitive or exemplary damages should be awarded.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A. Awarding Bedford judgment against Zarn in an amount to be proven at trial compensating Bedford for Zarn's malicious abuse of process;

B. Awarding Bedford post-judgment interest on all amounts awarded to Bedford herein;

C. Awarding Bedford its costs and attorney fees herein;

D. Awarding Bedford judgment against Zarn for punitive or exemplary damages herein; and

E.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

**COUNT VI**

**COMPLAINT FOR PRIMA FACIE TORT**

59.  The preceding paragraphs are incorporated herein as though fully set forth.

60.  The acts of Zarn, as previously alleged and incorporated herein, were done with the intent to harm Bedford.

61.  Zarn, in refusing to acknowledge the offset of the amounts owed to Zarn by Bedford by the amounts owed to Bedford by Zarn, did so with the intent to injure Bedford.

62.  Zarn, in refusing to acknowledge the satisfaction of the Stipulated Judgment in the 1997 Action, did so with the intent to injure Bedford.

63.  Zarn, by the filing of the Affidavit of Default, did so with the intent to injure Bedford.  *See* Exhibit E.

64.  Zarn, in the service of the Discovery Requests upon Bedford, did so with the intent to injury Bedford.  *See* Exhibit F.

65.  The acts of Zarn, previously alleged and incorporated herein, have caused severe, concrete, and palpable economic injuries to Bedford.

66.  Zarn's refusal to acknowledge the satisfaction of the Stipulated Judgment in the 1997 Action has resulted in the Stipulated Judgment to remain of record against Bedford.

67.  Zarn's allowance of the Stipulated Judgment to remain of record against Bedford has harmed Bedford's credit standing.

68. Zarn's refusal to acknowledge the satisfaction of the Stipulated Judgment in the 1997 Action has harmed Bedford by requiring it to bring the present action to obtain a judicial determination that the Stipulated Judgment has been satisfied.

69. Zarn's filing of the Affidavit of Default in the 1997 Action has triggered the accrual of interest upon the amounts owed under the Stipulated Judgment to the detriment of Bedford.

70. Zarn's filing of the Affidavit of Default in the 1997 Action has harmed Bedford by requiring it to bring the present action to obtain a judicial determination that the Stipulated Judgment has been satisfied.

71. Zarn's pursuit of post-judgment discovery efforts through the service of the Discovery Requests upon Bedford has harmed Bedford by requiring it to bring the present action to obtain a judicial determination that the Stipulated Judgment has been satisfied.

72. Zarn's failure to acknowledge the satisfaction of the Stipulated Judgment is without justification or insufficient justification.

73. Zarn's filing of the Affidavit of Default was done without justification or insufficient justification.

74. Zarn's service of the Discovery Requests was done without justification or insufficient justification.

75. Zarn's actions, as aforesaid, were wilful, wanton, and in reckless disregard for the rights of Bedford and punitive or exemplary damages should be awarded.

WHEREFORE, Bedford prays that the Court enter its Judgment:

A. Awarding Bedford judgment against Zarn in an amount to be proven at trial to compensate Bedford for its damages herein;

B.  Awarding Bedford pre- and post-judgment interest on all amounts awarded to Bedford herein;

C.  Awarding Bedford its costs and attorney fees herein; and

D.  Awarding Bedford judgment against Zarn for punitive or exemplary damages herein; and

E.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

<u>**COUNT VII**</u>

<u>**COMPLAINT FOR DECLARATORY JUDGMENT**</u>

76.  The preceding paragraphs are incorporated herein as though fully set forth.

77.  A dispute has arisen between the parties as to whether, after application of all allowable offsets, whether Bedford is indebted to Zarn under the Stipulated Judgment.

78.  Bedford asserts that, after application of all allowable offsets, that the Stipulated Judgment has been fully satisfied and that Bedford is entitled to the entry of a Satisfaction of Judgment in the 1997 Action.

79.  Zarn asserts that Bedford is indebted to Zarn under the Stipulated Judgment in the amount of SIXTY-TWO THOUSAND EIGHT HUNDRED AND 00/100 DOLLARS ($62,800.00).  *See* Exhibit D.

80.  A dispute has arisen between Bedford and Zarn as to the actual status of the Stipulated Judgment and the parties are entitled to the entry of a judgment declaring whether the Stipulated Judgment has been satisfied.

Page 14 of 16

WHEREFORE, Bedford prays that the Court enter its Judgment:

A.  Declaring that the Stipulated Judgment, after the application of all allowable offsets, has been satisfied in full;

B.  Awarding Bedford its costs herein; and

C.  Awarding Bedford such other and further relief as the Court deems proper under the circumstances.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

Scott E. Turner
Attorneys for Bedford
P.O. Box 25467
Albuquerque, NM  87125
Phone:          (505) 242-2177
Fax:            (505) 242-7184

## VERIFICATION

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

Larry Bedford, President of Bedford Enterprises, Inc. being first duly sworn upon his

oath, deposes and states:  That he is the president of the Plaintiff in the above-entitled cause; that

he has read over, knows, and understands the contents of the foregoing pleading; and that the

statements therein made are true of his own knowledge, except those statements that are made

upon information and belief, and as to those believes them to be true.

Larry Bedford,
President of Bedford Enterprises, Inc.

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

This instrument was acknowledged before me on the 28 day of October, 2002, by Larry
Bedford, President of Bedford Enterprises, Inc.

(Seal)

Notary Public

My commission expires: 9/25/2004

F:\DATA\02033\02001\PLG\SET complaint-initial.wpd

Page 16 of 16

# INDEPENDENT CONTRACTOR'S AGREEMENT

This Independent Contractor's Agreement (the "Agreement") is made and entered into this 5th day of May, 2001, by and between Plastic Omnium Zarn, Inc. ("Zarn"), a North Carolina corporation, and Bedford Enterprises, Inc. ("Bedford"), a New Mexico corporation.

## ARTICLE I.
### RECITALS & REPRESENTATIONS

A.  The City of Albuquerque (the "City") is requesting bids for the purchase of universal refuse collection containers ("Containers"). The successful bidder may be required to provide up to 500 Containers per month with a capacity of 90-95 gallons in accordance with the specifications provided by the City in its bid materials.

B.  Zarn is in the business of manufacturing the components for various products such as the Containers requested by the City in its bid materials.

C.  Bedford is in the business of assembling the components and delivering finished products such as the Containers requested by the City in its bid materials.

D.  Bedford is a full service facility for warranty and repair services as described in the bid materials of the City.

E.  Zarn intends to submit a bid to the City for the supply of Containers and requires the services of a local entity to (1) assemble the components, (2) deliver the finished Containers to the City, and (3) serve as the full service facility for warranty and repair services.

F.  Bedford desires to provide the services of (1) components assembly, (2) delivery of finished Containers to the City, and (3) warranty and repair services to Zarn in the event that Zarn's bid is accepted by the City.

G.  Zarn agrees to supply all components necessary to complete the number of Containers required by the City and to perform warranty and repair services required under the bid documents and Bedford agrees to assemble the components, deliver the finished Containers to the City, and provide warranty and repair services in the event that Zarn's bid is accepted.

H.  A copy of the bid documents relied upon by the parties in the formation of this Agreement is attached hereto as Exhibit A and is incorporated herein by this reference.

## ARTICLE II.
### ENGAGEMENT

A.  Zarn hereby engages Bedford for the purpose of assembling the components supplied by Zarn into finished Containers, delivering the finished Containers to the City at 4600 Edith

MAY-29-01 TUE 03:58 PM                    FAX NO.                      P. 03/06

Blvd., N.E., Albuquerque, New Mexico, and providing the warranty and repair services described in the bid documents issued by the City (the "Engagement").

B   Bedford hereby accepts the Engagement based upon the terms and conditions contained in this Agreement and the bid documents issued by the City.

## ARTICLE III.
### TERM

Bedford's Engagement shall commence upon acceptance of Zarn's bid by the City and will expire one (1) year from the date of acceptance of Zarn's bid by the City (the "Initial Term") The Initial Term shall automatically renew for additional consecutive terms of one (1) year ("Renewal Term(s)"), unless the Engagement is terminated as provided under the terms of this Agreement.  The Initial Term and the Renewal Term(s) are collectively referred to in this Agreement as the "Term."

## ARTICLE IV.
### BEDFORD'S DUTIES

A   Bedford shall assemble the number of Containers, ~~not to exceed 500 Containers per month,~~ required to fill the monthly number of Containers ordered by the City under the terms of the bid documents

B   Bedford shall deliver the number of Containers, not to exceed 500 Containers per month, required to fill the monthly number of Containers ordered by the City directly to the City at 4600 Edith Blvd , N.E., Albuquerque, New Mexico.

C.  Bedford shall perform all repair services and incorporate all replacement parts for Containers supplied to the City by Zarn under the terms of the bid documents.

D.  Bedford shall provide sufficient storage for and stock the parts in the quantities specified in the bid documents.

## ARTICLE V.
### ZARN'S DUTIES

A  Zarn shall provide all components, materials, parts, services, supplies, and other items identified in the bid documents that are not specifically stated in Article IV of this Agreement

B.  Zarn shall supply all components, materials, parts, and supplies necessary for the performance of all repair services and replacement of parts.

C. Zarn shall supply all components, materials, parts, and supplies necessary for Bedford to maintain the stock required under the bid documents.

D. Zarn shall be responsible for all duties required under the bid documents that are not specifically assigned to Bedford under the terms of this Agreement.

### ARTICLE VI.
### COMPENSATION TO BEDFORD

A. **Assembly of Components and Delivery of Containers to City.** Zarn shall pay Bedford FOUR AND 00/100 DOLLARS ($4.00) for each Container that Bedford assembles and delivers to the City.

B. **Warranty and Repair Services.** Zarn shall pay Bedford FOUR AND 00/100 DOLLARS ($4.00) for each Container upon which Bedford provides warranty and/or repair services.

C. **Payment of Compensation.** The compensation described in Paragraphs A and B of this Article shall accrue upon delivery of the Container to the City by Bedford. Bedford shall send an invoice to Zarn for all amounts owed to Bedford by Zarn under this Agreement on the first (1st) business day of each month. Zarn shall remit all amounts owed to Bedford under this Agreement no later than the tenth (10th) day of each month.

### ARTICLE VII.
### INDEPENDENT CONTRACTOR

A. Bedford and Zarn expressly agree that Bedford is acting as an independent contractor in the performance of this Agreement.

B. Zarn shall not be personally liable or responsible to Bedford or any third party as a result of the duties performed and obligations assumed by Bedford under this Agreement.

### ARTICLE VIII.
### ALTERATION & TERMINATION

A. This Agreement may be altered or amended only upon the express written agreement of the parties hereto.

B. Either party may unilaterally terminate this Agreement, without cause, upon thirty (30) days written notice to the other party.

C. Either party may unilaterally terminate this Agreement, with cause, with ten (10) days written notice to the other party.

## ARTICLE IX.
## NOTICES

All notices shall be served upon the parties at the following addresses or at such other addresses which may be designated by the parties to this Agreement:

A.  Plastic Omnium Zarn, Inc., 1001 N.E. Market Street, Reidsville, NC  27320.

B.  Bedford Enterprises, Inc., 5049 Edith Blvd., N.E., Albuquerque, NM  87107.

## ARTICLE X.
## WAIVER

A waiver by either party of any breach of this Agreement, or any portion thereof, shall not operate or be construed as a waiver of any subsequent breach of this Agreement, or any portion thereof

## ARTICLE XI.
## SEVERABILITY

If any provision of this Agreement is held to be invalid by a court of competent jurisdiction, then such provision shall be severed here from, and such invalidity shall not affect any other provision of this Agreement, the balance of which shall remain in and have its intended full force and effect

## ARTICLE XII.
## GOVERNING LAW

This Agreement shall be construed under and governed by the laws of the State of New Mexico.

## ARTICLE XIII.
## CONSENT TO JURISDICTION

A.  All parties hereto irrevocably submit to the jurisdiction of any state or federal court sitting in Bernalillo County, New Mexico, in any action or proceeding arising out of or relating to this Agreement or any document executed in connection herewith, and each party hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined by any such court. All parties hereby irrevocably waive any venue objection it may have to any such action or proceeding arising out of or relating to this Agreement in any state or federal court sitting in Bernalillo County, New Mexico, and any objection on the grounds that any such action or proceeding in any such court has been brought in any inconvenient forum.

B. The prevailing party shall be entitled to an award of its costs and reasonable attorney fees.

## ARTICLE XIV.
### ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings between the parties.

## ARTICLE XV.
### EXECUTIONS

PLASTIC OMNIUM ZARN, INC.,
a North Carolina corporation


By _____
Printed Name: _CLAUDEN HOELER_
Its __DIRECTOR OF MARKETING__
1001 NE Market Street
Reidsville, NC 27320
(336) 342-8847

BEDFORD ENTERPRISES, INC.,
a New Mexico corporation


By _____
Printed Name: _Larry Bedford_
Its President _____
5049 Edith Blvd., N.E.
Albuquerque, NM 87107
(505) 345-7997

SEE DELETION ON
PAGE 2 OF 4
ITEM - ARTICLE IV-A
"STRIKE "~~the~~
"NOT TO EXCEED 500 CONTAINERS
PER MONTH"

# Invoice

5049 Edith NE
Albuquerque, NM  87107
(505) 345-7997
(Fax) 345-7998

| DATE | INVOICE # |
|------|-----------|
| 9/17/'01 | 4070 |

**BILL TO**

Zarn
5055 Cranswick Road
Houston, TX 77041-7725

| P.O. NO. | TERMS | PROJECT |
|----------|-------|---------|
|  | Net 30 |  |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| Container Del | Containers Off Loaded to the City of Albuquerque | 116,903 | 2.00 | 233,806.00T |
| Container Com | Bedford's commission per container | 116,903 | 0.25 | 29,225.75T |
| Warrenty on C | Warrenty work on City of Albuquerque containers. | 6,558 | 4.00 | 26,232.00T |
|  | Out-of-state sale, exempt from sales tax |  | 0.00% | 0.00 |

| | **Total** | **$289,263.75** |
|--|-----------|-----------------|



Bu_ford Enterprises, Inc.
5049 Edith NE
Albuquerque, NM 87107
(505) 345-7997
(Fax) 345-7998

# Invoice

| DATE | INVOICE # |
|------|-----------|
| 9/19/'01 | 4072 |

**BILL TO**

Zarn
5055 Cranswick Road
Houston, TX 77041-7725

| P.O. NO. | TERMS | PROJECT |
|----------|-------|---------|
|  | Net 30 |  |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| Assembly & ... | City of Albuquerque Containers Refer To Zarn's Inv.#.s 55218, 55378, 55203, & 55444 | 1,512 | 4.00 | 6,048.00T |
|  | Out-of-state sale, exempt from sales tax |  | 0.00% | 0.00 |

| | **Total** | $6,048.00 |
|--|-----------|-----------|



# Invoice

Zarn, Inc.
5055 Cranswick
Houston, TX 77041
1-800-678-2278

| Invoice Date | Invoice # |
|---|---|
| 9/12/2001 | 55218 |

**Bill To**

City of Albuquerque
C/O Bedford Enterprises
5049 Edith NE
Abburuerque, NM  87107

**P.O. #**    PER RICKY

**Ship To**

BEDFORD ENTERPRISES &
WASTE
5049 SOUTH EDITH NE
ALBUQUERQUE, NM  87107

| Terms | Due Date | Sales Order # | Order Date | Ship Date | Ship Via | B.O.L.# | Sales Rep. | Account # |
|---|---|---|---|---|---|---|---|---|
| Net 30 | 10/12/2001 | 55218 | | 9/12/2001 | LAND | 98658 | RH | 10458 |

| Item | Description | Shipped | Backorder | Price | Amount |
|---|---|---|---|---|---|
| 3390R4040PB1G40 | 3390R CITY OF ALBUQUERQUE UNIVERSAL NAVY CART | 378 | | 42.01 | 15,879.78 |
| Freight INV | Freight | 378 | | 2.05 | 774.90 |
| Assembly | ASSEMBLY | 378 | | 2.25 | 850.50 |

***1.5% MONTHLY FINANCE CHARGE
ON BALANCES OVER 30 DAYS***

| | |
|---|---|
| Subtotal | $17,505.18 |
| Sales Tax (0.0%) | $0.00 |
| **Total** | **$17,505.18** |

PLEASE REMIT PAYMENT TO:
PLASTIC OMNIUM ZARN, INC.
PO BOX 751555
CHARLOTTE, NC  28275-1555
BILLING QUESTIONS: 1-800-678-2278



# Invoice

Zarn, Inc
5055 Cranswick
Houston, TX 77041
1-800-678-2278

| Invoice Date | Invoice # |
|---|---|
| 9/5/2001 | 55378 |

**Bill To**

City of Albuquerque
C/O Bedford Enterprises
5049 Edith NE
Abburuerque, NM  87107

P.O. #

**Ship To**

BEDFORD ENTERPRISES &
WASTE
5049 SOUTH EDITH NE
ALBUQUERQUE, NM  87107

| Terms | Due Date | Sales Order # | Order Date | Ship Date | Ship Via | B.O.L.# | Sales Rep. | Account # |
|---|---|---|---|---|---|---|---|---|
| Net 30 | 10/5/2001 | 55203 | 08/06/01 | 9/5/2001 | LAND | 98613 | RH | 10458 |

| Item | Description | Shipped | Backorder | Price | Amount |
|---|---|---|---|---|---|
| 3390R4040PB1G40 | 3390R CITY OF ALBUQUERQUE UNIVERSAL NAVY CART | 378 | 378 | 42.01 | 15,879.78 |
| Freight INV | Freight | 378 | 378 | 2.05 | 774.90 |
| ASSEMBLY/DELIVERY | ASSEMBLY/DELIVERY | 378 | 378 | 2.25 | 850.50 |

### *1.5% MONTHLY FINANCE CHARGE ON BALANCES OVER 30 DAYS*

| | |
|---|---|
| Subtotal | $17,505.18 |
| Sales Tax (0.0%) | $0.00 |
| **Total** | $17,505.18 |

PLEASE REMIT PAYMENT TO:
PLASTIC OMNIUM ZARN, INC.
PO BOX 751555
CHARLOTTE, NC  28275-1555
BILLING QUESTIONS: 1-800-678-2278



# Invoice

Zarn, Inc.
5055 Cranswick
Houston, TX 77041
1-800-678-2278

| Invoice Date | Invoice # |
|---|---|
| 9/6/2001 | 55203 |

| Bill To |
|---|
| City of Albuquerque<br>C/O Bedford Enterprises<br>5049 Edith NE<br>Abburuerque, NM 87107<br><br>**P.O. #**    PER RICKY |

| Ship To |
|---|
| BEDFORD ENTERPRISES &<br>WASTE<br>5049 SOUTH EDITH NE<br>ALBUQUERQUE, NM 87107 |

| Terms | Due Date | Sales Order # | Order Date | Ship Date | Ship Via | B.O.L.# | Sales Rep. | Account # |
|---|---|---|---|---|---|---|---|---|
| Net 30 | 10/6/2001 | 55203 | 08/06/01 | 9/6/2001 | LAND | 98624 | RH | 10458 |

| Item | Description | Shipped | Backorder | Price | Amount |
|---|---|---|---|---|---|
| 3390R4040PB1G40 | 3390R CITY OF ALBUQUERQUE<br>UNIVERSAL NAVY CART | 378 | | 42.01 | 15,879.78 |
| Freight INV<br>ASSEMBLY/DELIVERY | Freight<br>ASSEMBLY/DELIVERY | 378<br>378 | | 2.05<br>2.25 | 774.90<br>850.50 |

*1.5% MONTHLY FINANCE CHARGE*
*ON BALANCES OVER 30 DAYS*

PLEASE REMIT PAYMENT TO:
PLASTIC OMNIUM ZARN, INC.
PO BOX 751555
CHARLOTTE, NC 28275-1555
BILLING QUESTIONS: 1-800-678-2278

| | |
|---|---|
| Subtotal | $17,505.18 |
| Sales Tax (0.0%) | $0.00 |
| **Total** | **$17,505.18** |



# Invoice

Zarn, Inc.
5055 Cranwick
Houston, TX 77041
1-800-678-2278

| Invoice Date | Invoice # |
|---|---|
| 9/11/2001 | 55444 |

**Bill To**

City of Albuquerque
C/O Bedford Enterprises
5049 Edith NE
Abburuerque, NM  87107

P.O. #

**Ship To**

BEDFORD ENTERPRISES &
WASTE
5049 SOUTH EDITH NE
ALBUQUERQUE, NM  87107

| Terms | Due Date | Sales Order # | Order Date | Ship Date | Ship Via | B.O.L.# | Sales Rep. | Account # |
|---|---|---|---|---|---|---|---|---|
| Net 30 | 10/11/2001 | 55218 | 08/06/01 | 9/11/2001 | LAND | 98652 | RH | 10458 |

| Item | Description | Shipped | Backorder | Price | Amount |
|---|---|---|---|---|---|
| 3390R4040PB1G40 | 3390R CITY OF ALBUQUERQUE UNIVERSAL NAVY CART | 378 | 378 | 42.01 | 15,879.78 |
| Freight INV | Freight | 378 | 378 | 2.05 | 774.90 |
| Assembly | ASSEMBLY | 378 | 378 | 2.25 | 850.50 |

*1.5% MONTHLY FINANCE CHARGE*
*ON BALANCES OVER 30 DAYS*

PLEASE REMIT PAYMENT TO:
PLASTIC OMNIUM ZARN, INC.
PO BOX 751555
CHARLOTTE, NC  28275-1555
BILLING QUESTIONS: 1-800-678-2278

| | |
|---|---|
| Subtotal | $17,505.18 |
| Sales Tax (0.0%) | $0.00 |
| **Total** | **$17,505.18** |

WILLIAM C. MADISON
MICHAEL W. BRENNAN
MICHAEL H. HARBOUR
ROBERT J. MROZ
NEILS L. THOMPSON
M. ELIZA STEWART
DAVID M. HOULISTON
GREGORY D. STEINMAN
MICHAEL J. DEKLEVA
SHANNON A. PARDEN
TIMOTHY L. WHITE
MICHELE U. ESTRADA
SCOTT E. TURNER
S. ALLEN GILES
ADA B. MILLER
ROBIN S. FOWLER
ETHAN M. PRESTON
PATRICIA K. HOLMES
KERRI L. SANCHEZ

**MADISON, HARBOUR, MROZ & BRENNAN, P.A.**

ATTORNEYS & COUNSELORS AT LAW
ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 1600
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

E-MAIL: Firm@madisonlaw.com

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

CODY K. KELLEY
OF COUNSEL

March 15, 2002

<u>Hand-Delivered</u>

Thomas J. McBride, Esq.
Hinkle, Hensley, Shanor & Martin, LLP
500 Marquette, N.W., Suite 1300
Albuquerque, NM 87102

Re: *Zarn, Inc. v. Bedford Enterprises & Waste Equip. Corp.*, United States District Court Cause No. CIV-97-285-M/JHG – Satisfaction of Judgment

Dear Mr. McBride:

This office represents Bedford Enterprises, Inc. ("Bedford") regarding the above-referenced matter.

On April 14, 1998, Zarn, Inc. ("Zarn") and Bedford entered into a Stipulated Judgment for the payment of certain monies owed to Zarn by Bedford. Under the terms of the Stipulated Judgment, Bedford was required to pay certain monies upon the entry of the Stipulated Judgment and the balance in monthly payments. Bedford paid all monies owed under the Stipulated Judgment to Zarn through January 2001. On February 26, 2002, Zarn caused an Affidavit of Default to be filed in the above-referenced matter alleging that Bedford had ceased to make its monthly payments and was indebted to Zarn in the amount of $62,800.

By January 2001, Zarn had become indebted to Bedford in an amount in excess of $300,000 under An Independent Contractor's Agreement entered into between Zarn and Bedford in May 2001. A copy of the Independent Contractor's Agreement is enclosed for your records. As such, the amounts owed to Bedford by Zarn far exceed the amounts that Zarn alleges remain owed under the Stipulated Judgment.

As of May 31, 2001, Zarn was indebted to Bedford in the amount of $304,311.75. Bedford is entitled to recover interest at the rate of one and one-half percent (1½ %) per month on all unpaid amounts. As of May 31, 2001, Bedford owes Zarn $62,800. After offsetting these amounts against the amounts that Zarn owes Bedford, as of May 31, 2001, Zarn owes Bedford $234,111.75, plus interest thereafter until paid. As of March 15, 2002, the total amount of the interest owed to Bedford by Zarn is $33,250.28 making the total balance, after offsets, owed to Bedford by Zarn $267,362.03.

Thomas J. McBride, Esq.
March 15, 2002
Page 2 of 2

This letter represents formal demand upon Zarn to file a Satisfaction of Judgment, to release any Transcript of Judgment it has recorded, and to make payment of $267,362.03 due and owing to Bedford to this office within ten (10) days of the date of this letter. If the above has not been accomplished within this time, we will exercise whatever legal rights our client possesses, which may include the filing of a motion for sanctions against Zarn in the above-reference litigation and the filing of a lawsuit against Zarn for the amounts owed and for its wrongful and malicious conduct in the attempt to collect a debt that is not owed. Any payment of less than the full amount received shall not constitute a waiver of this demand for immediate payment in full. Partial payment shall be applied against the outstanding balance of the debt.

Pursuant to the Fair Debt Collection Practices Act, the debt will be assumed valid unless Zarn notifies this office within thirty (30) days of the date of this letter that it disputes the validity of the debt, or any part thereof. Such thirty (30) day period, however, shall not prevent Bedford from bringing an action to collect the amounts indicated above against Zarn prior to the expiration of such notice period.

Sincerely,

Scott E. Turner

Enclosure

cc:      Bedford Enterprises, Inc.

F:\DATA\02038\02001\LTR\SET offset-pay-balance1.wpd

## INDEPENDENT CONTRACTOR'S AGREEMENT

This Independent Contractor's Agreement (the "Agreement") is made and entered into this ___ day of May, 2001, by and between Plastic Omnium Zarn, Inc. ("Zarn"), a North Carolina corporation, and Bedford Enterprises, Inc. ("Bedford"), a New Mexico corporation.

### ARTICLE I.
### RECITALS & REPRESENTATIONS

A.  The City of Albuquerque (the "City") is requesting bids for the purchase of universal refuse collection containers ("Containers").  The successful bidder may be required to provide up to 500 Containers per month with a capacity of 90-95 gallons in accordance with the specifications provided by the City in its bid materials.

B.  Zarn is in the business of manufacturing the components for various products such as the Containers requested by the City in its bid materials.

C.  Bedford is in the business of assembling the components and delivering finished products such as the Containers requested by the City in its bid materials.

D.  Bedford is a full service facility for warranty and repair services as described in the bid materials of the City.

E.  Zarn intends to submit a bid to the City for the supply of Containers and requires the services of a local entity to (1) assemble the components, (2) deliver the finished Containers to the City, and (3) serve as the full service facility for warranty and repair services.

F.  Bedford desires to provide the services of (1) components assembly, (2) delivery of finished Containers to the City, and (3) warranty and repair services to Zarn in the event that Zarn's bid is accepted by the City.

G.  Zarn agrees to supply all components necessary to complete the number of Containers required by the City and to perform warranty and repair services required under the bid documents and Bedford agrees to assemble the components, deliver the finished Containers to the City, and provide warranty and repair services in the event that Zarn's bid is accepted.

H.  A copy of the bid documents relied upon by the parties in the formation of this Agreement is attached hereto as Exhibit A and is incorporated herein by this reference.

### ARTICLE II.
### ENGAGEMENT

A.  Zarn hereby engages Bedford for the purpose of assembling the components supplied by Zarn into finished Containers, delivering the finished Containers to the City at 4600 Edith

Blvd., N.E., Albuquerque, New Mexico, and providing the warranty and repair services described in the bid documents issued by the City (the "Engagement").

B. Bedford hereby accepts the Engagement based upon the terms and conditions contained in this Agreement and the bid documents issued by the City.

### ARTICLE III.
### TERM

Bedford's Engagement shall commence upon acceptance of Zarn's bid by the City and will expire one (1) year from the date of acceptance of Zarn's bid by the City (the "Initial Term"). The Initial Term shall automatically renew for additional consecutive terms of one (1) year ("Renewal Term(s)"), unless the Engagement is terminated as provided under the terms of this Agreement. The Initial Term and the Renewal Term(s) are collectively referred to in this Agreement as the "Term."

### ARTICLE IV.
### BEDFORD'S DUTIES

A. Bedford shall assemble the number of Containers, not to exceed 500 Containers per month, required to fill the monthly number of Containers ordered by the City under the terms of the bid documents.

B. Bedford shall deliver the number of Containers, not to exceed 500 Containers per month, required to fill the monthly number of Containers ordered by the City directly to the City at 4600 Edith Blvd., N.E., Albuquerque, New Mexico.

C. Bedford shall perform all repair services and incorporate all replacement parts for Containers supplied to the City by Zarn under the terms of the bid documents.

D. Bedford shall provide sufficient storage for and stock the parts in the quantities specified in the bid documents.

### ARTICLE V.
### ZARN'S DUTIES

A. Zarn shall provide all components, materials, parts, services, supplies, and other items identified in the bid documents that are not specifically stated in Article IV of this Agreement.

B. Zarn shall supply all components, materials, parts, and supplies necessary for the performance of all repair services and replacement of parts.

## ARTICLE IX.
### NOTICES

All notices shall be served upon the parties at the following addresses or at such other addresses which may be designated by the parties to this Agreement:

A.  Plastic Omnium Zarn, Inc., 1001 N.E. Market Street, Reidsville, NC  27320.

B.  Bedford Enterprises, Inc., 5049 Edith Blvd., N.E., Albuquerque, NM  87107.

## ARTICLE X.
### WAIVER

A waiver by either party of any breach of this Agreement, or any portion thereof, shall not operate or be construed as a waiver of any subsequent breach of this Agreement, or any portion thereof.

## ARTICLE XI.
### SEVERABILITY

If any provision of this Agreement is held to be invalid by a court of competent jurisdiction, then such provision shall be severed here from, and such invalidity shall not affect any other provision of this Agreement, the balance of which shall remain in and have its intended full force and effect.

## ARTICLE XII.
### GOVERNING LAW

This Agreement shall be construed under and governed by the laws of the State of New Mexico.

## ARTICLE XIII.
### CONSENT TO JURISDICTION

A.  All parties hereto irrevocably submit to the jurisdiction of any state or federal court sitting in Bernalillo County, New Mexico, in any action or proceeding arising out of or relating to this Agreement or any document executed in connection herewith, and each party hereby irrevocably agrees that all claims in respect of such action or proceeding may be heard and determined by any such court.  All parties hereby irrevocably waive any venue objection it may have to any such action or proceeding arising out of or relating to this Agreement in any state or federal court sitting in Bernalillo County, New Mexico, and any objection on the grounds that any such action or proceeding in any such court has been brought in any inconvenient forum.

B.  The prevailing party shall be entitled to an award of its costs and reasonable attorney fees.

## ARTICLE XIV.
### ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties with respect to the subject matter hereof and supersedes all prior agreements and understandings between the parties.

## ARTICLE XV.
### EXECUTIONS

PLASTIC OMNIUM ZARN, INC.,          BEDFORD ENTERPRISES, INC.,
a North Carolina corporation          a New Mexico corporation


By _____          By _____
Printed Name: _____          Printed Name: Larry Bedford
Its _____          Its President
1001 NE Market Street          5049 Edith Blvd., N.E.
Reidsville, NC  27320          Albuquerque, NM  87107
(336) 342-8847          (505) 345-7997


A:\02038-01002\SET independent-contractor-zarn.wpd

Page 5 of  5

C. Zarn shall supply all components, materials, parts, and supplies necessary for Bedford to maintain the stock required under the bid documents.

D. Zarn shall be responsible for all duties required under the bid documents that are not specifically assigned to Bedford under the terms of this Agreement.

### ARTICLE VI.
### COMPENSATION TO BEDFORD

A. **Assembly of Components and Delivery of Containers to City.** Zarn shall pay Bedford FOUR AND 00/100 DOLLARS ($4.00) for each Container that Bedford assembles and delivers to the City.

B. **Warranty and Repair Services.** Zarn shall pay Bedford FOUR AND 00/100 DOLLARS ($4.00) for each Container upon which Bedford provides warranty and/or repair services.

C. **Payment of Compensation.** The compensation described in Paragraphs A and B of this Article shall accrue upon delivery of the Container to the City by Bedford. Bedford shall send an invoice to Zarn for all amounts owed to Bedford by Zarn under this Agreement on the first (1st) business day of each month. Zarn shall remit all amounts owed to Bedford under this Agreement no later than the tenth (10th) day of each month.

### ARTICLE VII.
### INDEPENDENT CONTRACTOR

A. Bedford and Zarn expressly agree that Bedford is acting as an independent contractor in the performance of this Agreement.

B. Zarn shall not be personally liable or responsible to Bedford or any third party as a result of the duties performed and obligations assumed by Bedford under this Agreement.

### ARTICLE VIII.
### ALTERATION & TERMINATION

A. This Agreement may be altered or amended only upon the express written agreement of the parties hereto.

B. Either party may unilaterally terminate this Agreement, without cause, upon thirty (30) days written notice to the other party.

C. Either party may unilaterally terminate this Agreement, with cause, with ten (10) days written notice to the other party.

Page 3 of 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ZARN, INC.

      **Plaintiff,**

v.

 No. CIV 97-285 M/JHG

BEDFORD ENTERPRISES & WASTE
EQUIPMENT CORP.,

      **Defendants.**

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

APR 1 4 1998

---

## STIPULATED JUDGMENT

---

This matter having come before the court on the stipulation of the parties, and the court being fully advised in the premises;

This judgment supercedes and takes place of the judgment previously entered in this case, so that this is the only judgment in the case;

NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED, that the plaintiff Zarn, Inc. shall have judgment against the defendant Bedford Enterprises in the amount of $150,000, and Bedford's counterclaim and all claims which were or could have been included therein are hereby dismissed with prejudice.

Bedford shall pay the judgment herein rendered by paying the sum of $50,000 directly to Zarn, Inc., on or before March 25, 1998. The balance shall be paid in equal payments of $1,200 per month directly to Zarn, Inc., on or before the 25th of each succeeding month for a period of seven years. The amount to be paid in monthly payments shall not bear interest as long as the payments, and each of them, are timely made. In the event that any one of the payments is late by thirty (30) days or more Bedford agrees that Zarn may file an affidavit of default to that effect



in this cause and that all amounts remaining unpaid shall bear interest at the statutory rate from and after the date of the filing of the affidavit of default.

Bedford agrees to dismiss its appeal which is presently pending in the Tenth Circuit Court of Appeals with prejudice.

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED:

BILL J. SHOLER, P.C.

By:   Telephonic approval 3/31/98
        Theresa L. Parrish
        4600-A Montgomery NE, Suite 201
        Albuquerque, NM 87109
*Attorney for the Defendants*

HINKLE, COX, EATON, COFFIELD
& HENSLEY

By:   _____
        Thomas J. McBride
        500 Marquette NW, Suite 800
        Albuquerque, NM 87102
*Attorneys for the Plaintiff*

981105 [9750366]

COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ZARN, INC.

02 FEB 26  AM 11:52

     Plaintiff,

v.

No. CIV 97-285 M/JHG
CLERK-ALBUQUERQUE

BEDFORD ENTERPRISES & WASTE
EQUIPMENT CORP.,

     Defendants.

### AFFIDAVIT OF DEFAULT

Arthur Bennett, being duly sworn, deposes and says:

1.     I am the Controller of Zarn, Incorporated, the Plaintiff in this case.

2.     I am over 18 years of age and have personal knowledge of the information contained in this affidavit.

3.     Defendant Bedford Enterprises & Waste Equipment Corp. Has failed to make the payments required to be made to Zarn, Inc., pursuant to the Stipulated Judgment which was entered in this case on April 14, 1998.  A copy of the Stipulated Judgment is attached hereto as Exhibit "A."

4.     Defendant Bedford Enterprises & Waste Equipment Corp. last made a payment pursuant to the Stipulated Judgment in January, 2001.

5.     The amount of $62,800 is due and owing under the terms of the Stipulated Judgment. The purpose of this affidavit is to cause this unpaid amount to bear interest at the statutory rate from and after the date of filing of this Affidavit of Default

FURTHER AFFIANT SAITH NOT

_Arthur Bennett_

Arthur Bennett, Controller of Zarn, Inc.



STATE OF TEXAS                          )
                                        ) ss.
COUNTY OF HARRIS COUNTY   )

The foregoing instrument was acknowledged before me this 22 day of February, 2002 by Arthur Bennett, Controller of Zarn, Inc.



Notary Public

My commission expires:

Feb. 01, 2005

MARSHA ARNOLD
Notary Public, State of Texas
Commission Expires
FEBRUARY 01, 2005

01:778/



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ZARN, INC.,

      Plaintiff,

vs.                                    No. CIV 97-285 M/JHG

BEDFORD ENTERPRISES & WASTE
EQUIPMENT CORP.,

      Defendant.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that the original and one copy each of Plaintiff Zarn, Inc.'s **First Set of**

**Interrogatories in Aid of Execution** and **First Requests For Production of Documents in Aid of**

**Execution** to Defendant Bedford Enterprises & Waste Equipment Corp., and a true and correct copy of

this **Certificate of Service,** were mailed via the United States Postal Service to the below-referenced

counsel of record, on this _5ᵗʰ_ day of August, 2002.

Scott E. Turner
Madison, Harbour, Mroz & Brennan, P.A.
PO Box 25467
Albuquerque, NM 87125-5467

Attorneys for Defendant Bedford Enterprises & Waste Equipment Corp.

                              HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.


                              By: _____
                                 Stanley K. Kotovsky, Jr.
                                 500 Marquette NW, Suite 1300
                                 Albuquerque, NM 87102
                                 (505) 768-1500

                                 *Attorneys for Plaintiff*

02:3233 / Zarn / TJM



### HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

ATTORNEYS AT LAW

HAROLD L. HENSLEY, JR.
STUART D. SHANOR
C. D. MARTIN
ROBERT P. TINNIN, JR.
MARSHALL G. MARTIN
MASTON C. COURTNEY*
DON L. PATTERSON*
DOUGLAS L. LUNSFORD
T. CALDER EZZELL, JR.
WILLIAM B. BURFORD*
RICHARD E. OLSON
RICHARD R. WILFONG*
THOMAS J. McBRIDE

NANCY S. CUSACK
JEFFREY L. FORNACIARI
THOMAS A. FORBES*
JEFFREY W. HELLBERG*
W. F. COUNTISS*
ALBERT L. PITTS
THOMAS M. HNASKO
JOHN C. CHAMBERS*
W. H. BRIAN, JR*
RUSSELL J. BAILEY*
STEVEN D. ARNOLD
THOMAS D. HAINES, JR.
GREGORY J. NIBERT

500 MARQUETTE N.W.   SUITE 1300
**ALBUQUERQUE, NEW MEXICO 87102**
(505) 768-1500   FAX (505) 768-1529

OF COUNSEL
O. M. CALHOUN*
ROBERT D. TAICHERT
WYATT H. HEARD*
PAUL W. EATON
CONRAD E. COFFIELD
——
DECEASED
LEWIS C. COX, JR. (1924-1993)
CLARENCE E. HINKLE (1901-1985)

JAMES M. HUDSON
REBECCA NICHOLS JOHNSON
STANLEY K. KOTOVSKY, JR.
ELLEN S. CASEY
S. BARRY PAISNER
ANDREW J. CLOUTIER
WILLIAM P. SLATTERY
GARY W. LARSON
DAVID B. LAWRENZ
DEBORAH GOODELL POLAN*
JULIA JOPLIN SWALLOW

KENNETH E. WESTON*
JOEL M. CARSON, III
JEANANNE CHESEK
RYAN M. RANDALL
AMY M. SHELHAMER*
DEREK L. BROOKS
DUSTY J. STOCKARD
DANA S. HARDY

—

*NOT LICENSED IN NEW MEXICO

February 27, 2002

Larry Bedford
Bedford Enterprises & Waste Equipment Corp.
5049 Edith Blvd. NE
Albuquerque, NM 87107

  Re: Zarn, Inc. v. Bedford Enterprises & Waste Equipment Corp.

Dear Mr. Bedford,

   Enclosed please find an affidavit of default which has been filed in the above case.  I am also enclosing a copy of the stipulated judgment that was previously entered in the case. The judgment indicates that it begins to bear interest from the date of the filing of the affidavit of default.

   I have been instructed to undertake steps to collect the judgment including the interest.  If you are represented by an attorney, I would appreciate it if you would have him or her contact me.

      Very truly yours,

      Hinkle, Hensley, Shanor & Martin, LLP

      By: *Thomas J. McBride*
        Thomas J. McBride

TJM/rlw
Enclosures
cc: Mr. Arthur Bennett (Sent via mail)
02:873/9650373



POST OFFICE BOX 10
ROSWELL, NEW MEXICO 88202
(505) 622-6510
FAX (505) 623-9332

POST OFFICE BOX 3580
MIDLAND, TEXAS 79702
(915) 683-4691
FAX (915) 683-6518

POST OFFICE BOX 9238
AMARILLO, TEXAS 79105
(806) 372-5569
FAX (806) 372-9761

POST OFFICE BOX 2068
SANTA FE, NEW MEXICO 87504
(505) 982-4554
FAX (505) 982-8623

919 CONGRESS, SUITE 1150
AUSTIN, TEXAS 78701
(512) 476-7137
FAX (512) 476-7146

## HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

ATTORNEYS AT LAW

HAROLD L. HENSLEY, JR.
STUART D. SHANOR
C. D. MARTIN
ROBERT P. TINNIN, JR.
MARSHALL G MARTIN
MASTON C. COURTNEY*
DON L. PATTERSON*
DOUGLAS L. LUNSFORD
T. CALDER EZZELL, JR.
WILLIAM B. BURFORD*
RICHARD E. OLSON
RICHARD R. WILFONG*
THOMAS J. McBRIDE

NANCY S. CUSACK
JEFFREY L. FORNACIARI
THOMAS A. FORBES*
JEFFREY W. HELLBERG*
W. F. COUNTISS*
ALBERT L. PITTS
THOMAS M. HNASKO
JOHN C. CHAMBERS*
W. H. BRIAN, JR*
RUSSELL J. BAILEY*
STEVEN D. ARNOLD
THOMAS D. HAINES, JR.
GREGORY J. NIBERT

500 MARQUETTE N.W.   SUITE 1300
**ALBUQUERQUE, NEW MEXICO 87102**
(505) 768-1500   FAX (505) 768-1529

OF COUNSEL
O. M. CALHOUN*
ROBERT D. TAICHERT
WYATT H. HEARD*
PAUL W. EATON
CONRAD E. COFFIELD

DECEASED
LEWIS C. COX, JR. (1924-1993)
CLARENCE E. HINKLE (1901-1985)

JAMES M. HUDSON
REBECCA NICHOLS JOHNSON
STANLEY K. KOTOVSKY, JR.
ELLEN S. CASEY
S. BARRY PAISNER
ANDREW J. CLOUTIER
WILLIAM P. SLATTERY
GARY W. LARSON
DAVID B. LAWRENZ
DEBORAH GOODELL POLAN*
JULIA JOPLIN SWALLOW

KENNETH E. WESTON*
JOEL M. CARSON, III
JEANANNE CHESEK
RYAN M. RANDALL
AMY M. SHELHAMER*
DEREK L. BROOKS
DUSTY J. STOCKARD
DANA S. HARDY

*NOT LICENSED IN NEW MEXICO

March 26, 2002

Scott E. Turner, Esq.
Madison, Harbour, Mroz & Brennan, P.A.
P.O. Box 25467
Albuquerque, NM 87125-0467

**Re:     Zarn, Inc. v. Bedford Enterprises & Waste Equipment Corp.**

Dear Mr. Turner,

I am writing to advise you that Zarn, Inc. disputes the entire amount of $267,362.03 that you contend Zarn owes Mr. Bedford.  On the other hand, it is Zarn's position that in addition to the money from the stipulated judgment that is owed by Mr. Bedford, he owes an additional $141,102.00.  The basis for this is that Mr. Bedford received a number of checks from the City of Albuquerque that were made payable jointly to Zarn and to Mr. Bedford.  Mr. Bedford  cashed those checks based solely on his own endorsement and has not forwarded any of the money to Zarn.

We would appreciate it if you would consult with your client and determine what he intends to do about paying this total of $203,902.00 to Zarn.

Very truly yours,

Hinkle, Hensley, Shanor & Martin, L.L.P.

By: *Thomas J. McBride*

Thomas J. McBride

TJM/rlw
02:1301/9650373



POST OFFICE BOX 10
ROSWELL, NEW MEXICO 88202
(505) 622-6510
FAX (505) 623-9332

POST OFFICE BOX 3580
MIDLAND, TEXAS 79702
(915) 683-4691
FAX (915) 683-6518

POST OFFICE BOX 9238
AMARILLO, TEXAS 79105
(806) 372-5569
FAX (806) 372-9761

POST OFFICE BOX 2068
SANTA FE, NEW MEXICO 87504
(505) 982-4554
FAX (505) 982-8623

1 CONGRESS, SUITE 1150
AUSTIN, TEXAS 78701
(512) 476-7137
FAX (512) 476-7146

WILLIAM C. MADISON
MICHAEL W. BRENNAN
MICHAEL H. HARBOUR
ROBERT J. MROZ
NEILS L. THOMPSON
M. ELIZA STEWART
DAVID M. HOULISTON
GREGORY D. STEINMAN
MICHAEL J. DEKLEVA
SHANNON A. PARDEN
TIMOTHY L. WHITE
MICHELE U. ESTRADA
SCOTT E. TURNER
S. ALLEN GILES
ADA B. MILLER
ROBIN S. FOWLER
ETHAN M. PRESTON
PATRICIA K. HOLMES
KERRI L. SANCHEZ

**MADISON, HARBOUR, MROZ & BRENNAN, P.A.**

ATTORNEYS & COUNSELORS AT LAW
ALBUQUERQUE PLAZA
201 THIRD STREET NW, SUITE 1600
ALBUQUERQUE, NEW MEXICO 87102

P.O. BOX 25467
ALBUQUERQUE, NM 87125-5467

E-MAIL: Firm@madisonlaw.com

TELEPHONE (505) 242-2177
FACSIMILE (505) 242-7184

CODY K. KELLEY
OF COUNSEL

April 22, 2002

Thomas J. McBride, Esq.
Hinkle, Hensley, Shanor & Martin, LLP
500 Marquette, N.W., Suite 1300
Albuquerque, NM 87102

Re:   *Zarn, Inc. v. Bedford Enterprises & Waste Equip. Corp.*, United States District
      Court Cause No. CIV-97-285-M/JHG – Satisfaction of Judgment

Dear Mr. McBride:

    I have reviewed your letter of March 26, 2002 with my client.  The amounts demanded
in my letter of March 15, 2002 include all credits to which Zarn, Inc. was entitled pursuant to
payments received by Bedford Enterprises & Waste Equipment Corp. from the City of
Albuquerque.  Therefore, Bedford Enterprises disputed the amounts claimed by Zarn, as stated
in your letter of March 26, 2002, and renews its demand for the immediate entry of a
Satisfaction of Judgment by Zarn in the above-referenced action and the payment of all
amounts owed to Bedford Enterprises.  Please advise.

                          Sincerely,

                          Scott E. Turner

cc:   Bedford Enterprises, Inc.

F:\DATA\02038\02001\LTR\SET offset-pay-balance2.wpd



# HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

### ATTORNEYS AT LAW

HAROLD L. HENSLEY, JR.
STUART D. SHANOR*
C. D. MARTIN
ROBERT P. TINNIN, JR.
MARSHALL G. MARTIN
MASTON C. COURTNEY*
DON L. PATTERSON*
DOUGLAS L. LUNSFORD
T. CALDER EZZELL, JR.
WILLIAM B. BURFORD*
RICHARD E. OLSON
RICHARD R. WILFONG*
THOMAS J. McBRIDE

NANCY S. CUSACK
JEFFREY L. FORNACIARI
THOMAS A. FORBES*
JEFFREY W. HELLBERG*
W. F. COUNTISS*
ALBERT L. PITTS
THOMAS M. HNASKO
JOHN C. CHAMBERS*
W. H. BRIAN, JR*
RUSSELL J. BAILEY*
STEVEN D. ARNOLD
THOMAS D. HAINES, JR.
GREGORY J. NIBERT

500 MARQUETTE N.W.   SUITE 1300
ALBUQUERQUE, NEW MEXICO 87102
(505) 768-1500   FAX (505) 768-1529

OF COUNSEL
O. M. CALHOUN*
ROBERT D. TAICHERT
WYATT H. HEARD*
PAUL W. EATON
CONRAD E. COFFIELD

DECEASED
LEWIS C. COX, JR. (1924-1993)
CLARENCE E. HINKLE (1901-1985)

JAMES M. HUDSON
REBECCA NICHOLS JOHNSON
STANLEY K. KOTOVSKY, JR.
ELLEN S. CASEY
S. BARRY PAISNER
ANDREW J. CLOUTIER
WILLIAM P. SLATTERY
GARY W. LARSON
DAVID B. LAWRENZ
DEBORAH GOODELL POLAN*
JULIA JOPLIN SWALLOW

KENNETH E. WESTON*
JOEL M. CARSON III
JEANANNE CHESEK
RYAN M. RANDALL
AMY M. SHELHAMER*
DEREK L. BROOKS
DUSTY J. STOCKARD
DANA S. HARDY

*NOT LICENSED IN NEW MEXICO

August 5, 2002

Scott E. Turner, Esq.
Madison, Harbour, Mroz & Brennan, P.A.
201 Third Street, N.W., Ste. 1800
Albuquerque, NM 87102

RE:   Zarn, Inc. vs. Bedford Enterprises & Waste Equipment Corp.
      USDC Cause No. CIV 97-285 M/JHG

Dear Mr. Turner:

Enclosed please one original and one copy each of Plaintiff's First Set of Interrogatories in Aid of Execution and First Request for Production of Documents in Aid of Execution to Defendant Bedford Enterprises & Waste Equipment Corp, and a copy of the Certificate of Service.

This letter will also serve as notice that the above matter is now being handled by the undersigned.  Do not hesitate to contact me should you wish to discuss this matter.

Very truly yours,

Hinkle, Hensley, Shanor & Martin, L.L.P.

By: _____
    Stanley K. Kotovsky, Jr.

SKK/me

02:3320 / Zarn
9650373

POST OFFICE BOX 10
ROSWELL, NEW MEXICO 88202
(505) 622-6510
FAX (505) 623-9332

POST OFFICE BOX 3580
MIDLAND, TEXAS 79702
(915) 683-4691
FAX (915) 683-6518

POST OFFICE BOX 9238
AMARILLO, TEXAS 79105
(806) 372-5569
FAX (806) 372-9761

POST OFFICE BOX 2068
SANTA FE, NEW MEXICO 87504
(505) 982-4554
FAX (505) 982-8623

